UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RODRIGUEZ,

                       Plaintiff,

-against-

HOGAR, INC.; WILLIAM MARTINEZ;
NORIS COLON,

                       Defendants.

1:23-CV-7558 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Jose Rodriguez, of the Bronx, New York, filed this *pro se* action asserting claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). He seeks unspecified relief, and seems to assert that he has suffered discrimination on account of his age and, possibly, his disabilities. Plaintiff sues: (1) his former employer, Hogar, Inc. ("Hogar"), of the Bronx, New York; (2) Hogar Program Director, William Martinez; and (3) Hogar Chief Executive Officer, Noris Colon. The Court construes Plaintiff's complaint as asserting claims of age and disability-based employment discrimination, as well as claims of retaliation, under the ADEA and Title I of the Americans with Disabilities Act of 1990 ("ADA") against Hogar, as well as claims under state law, including claims of employment discrimination and retaliation under the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL") against Hogar, Martinez, and Colon.

      By order dated August 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in his complaint: On May 3, 2022, Plaintiff began employment with Hogar as a Case Manager. Two days later, Martinez, a Hogar Program Director, told him that he "was not a good fit and that [he] should apply for another job in another place." (ECF 1, at 9.) Kristen Sosa, a Hogar Clinical Supervisor, "put a handwritten note on [Plaintiff's] desk saying that [Plaintiff] will not be able to function as a [C]ase [M]anager even though [he has] the qualifications and extensive experience in the [f]ield of social services." (*Id.*) Plaintiff then informed Colon, Hogar's Chief Executive Officer, "about the note that . . . Sosa put on [his] desk and gave her the note . . . but . . . [Colon turned] a blind eye to the situation and told [him] that the note was not meant for [him]." (*Id.*) Colon "[f]ailed to investigate [Plaintiff's] complaint and also had the nerve . . . to ask [Plaintiff] if [he] had a mental health issue." (*Id.*) Martinez also made "false allegations" against Plaintiff; he said that Plaintiff "did not do a good job when [he] went to the [f]ield with a co-worker . . . who was also smoking . . . while she was driving her vehicle . . . and there was smoke all over the car." (*Id.*)

During his Hogar employment, Plaintiff "was absent a few times due to coronavirus symptoms." (*Id.* at 10.) He "complied with instructions [issued] by [Hogar's human resources department] not to show up for work if [he] had those medical conditions related to the coronavirus." (*Id.*) When Plaintiff informed Martinez about the reason for his absences, Martinez "told [him] that since [he] was on probation[,] . . . [he was] not allowed to take time off." (*Id.*) Plaintiff explained that he was complying with the human resources department's policy, but Martinez "still threatened [him] with termination . . . if [he took] time off [while] on probation." (*Id.*) Plaintiff "was forced to return to work even though [he] was not supposed to . . . and [he]

3

returned to work a little late plus [his] lateness was used against [him] and [l]ater . . . Martinez recommended to . . . Colon that [his] employment be terminated." (*Id.* at 10-11.) In addition to citing Plaintiff's lateness, Martinez "claimed . . . that [Plaintiff's] job performance was not good even though it was not true because [his] job performance was satisfactory and outstanding." (*Id.* at 11.)

On June 3, 2022, Colon terminated Plaintiff; she falsely told him "that the reason for [his] . . . termination was due to poor job performance." (*Id.*) "[T]here was no valid reason to terminate [Plaintiff's] employment since [his] job performance was outstanding." (*Id.*) In addition, Plaintiff asserts that he was terminated because of his age. (*Id.* at 6.)

## DISCUSSION

A.   **Claims of employment discrimination under the ADEA**

The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). It does not, however, provide for liability against individual employees with respect to claims of age-based employment discrimination. *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order); *Martin v. Chem. Bank*, 129 F.3d 114, (2d Cir. 1997) (unpublished opinion); *Craven v. City of New York*, No. 20-CV-8464, 2023 WL 3097434, at *10 (S.D.N.Y. Apr. 26, 2023). To state a claim of employment discrimination under that statute, a plaintiff must allege facts showing that his age was the "but-for" cause of the employer's adverse employment action against him. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

The Court understands Plaintiff's complaint as asserting claims of age-based employment discrimination against only his former employer, Hogar, and not against Martinez and Colon.

4

Plaintiff does not indicate, however, what his age was at the time of any of the alleged adverse employment actions, which appear to have culminated in Colon's termination of his Hogar employment. Even if Plaintiff was 40 years of age or older at that time, he does not allege facts sufficient to state a claim of employment discrimination under the ADEA; he does not allege facts showing that, but for his age (assuming that he was 40 years of age or older at that time), he would not have experienced any of the alleged adverse employment actions, including the termination of his employment from Hogar.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to replead his claims of age-based employment discrimination under the ADEA against Hogar. He must state his age at the time of the alleged adverse employment actions, and allege facts showing that, but for his age, he would not have experienced those alleged adverse employment actions.

**B.      Claims of employment discrimination under Title I of the ADA**

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified individual *on the basis* of disability in regard to . . . the hiring, advancement, or discharge of employees.'"[1] *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C. § 12112(a) (emphasis in original)). As with claims of age-based employment discrimination under the ADEA, with respect to claims of disability-based employment discrimination under Title I of the ADA, that statute does not provide for liability as to individual employees. *See, e.g.*, *Billings v. N.Y.S. Dep't of Corrs.*, No. 91-CV-11796, 2022 WL 3577970, at *10 (S.D.N.Y. Aug.

---

[1] For the purpose of claims of employment discrimination under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

19, 2022). To state a claim of employment discrimination under Title I of the ADA, a plaintiff must allege:

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) []he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) []he suffered an adverse employment action; and (5) the adverse action was imposed because of [his] disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). The causation standard for claims of employment discrimination brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege that, but for his disability, the defendant would not have discriminated against him. *See Natofsky*, 921 F.3d at 347-50.

Because Plaintiff cannot assert claims of disability-based employment discrimination under Title I of the ADA against individuals, the Court understands that he is asserting such claims only against his former employer, Hogar. The Court will assume, for the purposes of this order, that his allegations regarding Colon's perception of him as having a mental health condition and his allegations about suffering from coronavirus symptoms are sufficient to establish that, at the time of his Hogar employment, he suffered from a disability that is a protected characteristic under the ADA. Plaintiff has not alleged any facts, however, showing that Hogar imposed an adverse employment action on him because of any disability; he has not alleged that, but for Colon's perception of Plaintiff as having a mental health condition and/or his suffering from coronavirus symptoms, Hogar would not have discriminated against him. Thus, Plaintiff has failed to state a claim of employment discrimination under Title I of the ADA. The Court, however, grants Plaintiff leave to file an amended complaint to allege facts sufficient to state such a claim against Hogar.

### C. Claims of retaliation under the ADEA and the ADA

Plaintiff must also amend his complaint as to his claims of retaliation under the ADEA and the ADA. Under the ADEA's antiretaliation provision:

> [i]t shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d). The ADA's antiretaliation provision provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful [under the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). Like the claims discussed above, claims of retaliation under the ADEA and the ADA do not allow for liability against individual employees. *See Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (claims of retaliation under the ADA); *Ferraro v. N.Y.C. Dept. of Educ.*, No. 09-CV-8993, 2010 WL 3912466, at *1 (S.D.N.Y. Sept. 14, 2010) (claims of retaliation under the ADEA), *aff'd*, 446 F. App'x 387 (2d Cir. 2011) (summary order).

To state a claim of retaliation under ADEA, a plaintiff must allege facts showing that: "(1) [the] defendant[] discriminated – or took an adverse employment action – against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e-3(a)) (discussion in the context of the antiretaliation provision of Title VII); *Kopchik v. Town of E. Fishkill, N.Y.*, 759 F. App'x 31, 34-35 (2d Cir. 2018) (summary order) (quoting *Vega*, 801 F.3d at 90-91) (adopting pleading requirements of a claim of retaliation under Title VII for a claim of retaliation under the ADEA). "[F]or an adverse retaliatory action to be

7

'because' a plaintiff [opposed an unlawful employment practice], the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. It is not enough that retaliation was a 'substantial' or 'motivating' factor in the employer's decision." *Vega,* 801 F.3d at 90-91 (internal quotation marks and citations omitted).

To state a claim of retaliation under the ADA, a plaintiff must show that: "(i) [the] plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that [the] plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against [the] plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Natofsky*, 921 F.3d at 353 (internal quotation marks and citation omitted). Such a causal connection may be shown either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.* (internal quotation marks and citation omitted).

The Court understands Plaintiff's complaint as asserting claims of retaliation under the ADEA and the ADA against Hogar, and not against Martinez and Colon. Plaintiff does not allege facts sufficient to show, however, that he suffered an adverse employment action because he opposed an unlawful employment practice or otherwise participated in protected activity with regard to his claims of employment discrimination under either the ADEA or the ADA. Plaintiff merely alleges that Sosa put a note on his desk stating that Plaintiff would not "be able to function as a [C]ase [M]anager[,]" and that when Plaintiff complained to Colon about the note, Colon "[turned] a blind eye to the situation[,] . . . failed to investigate [Plaintiff's] complaint[,] and . . . ask[ed] [him] if [he] had a mental health issue." (ECF 1, at 9.) Thus, Plaintiff fails to

8

state a claim of retaliation under either the ADEA or the ADA. In light of his *pro se* status, the Court grants Plaintiff leave to file an amended complaint to allege facts sufficient to state a claim of retaliation under either of those statutes against Hogar.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of employment discrimination and/or retaliation under the ADEA or the ADA against Hogar, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

  a) the names and titles of all relevant people;

  b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

  c) a description of the injuries Plaintiff suffered; and

  d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-7558 (LTS). An amended complaint for employment discrimination form is attached to this order. Once submitted, the amended complaint will be reviewed for substantive sufficiency, and then, if proper, this action will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under the ADEA and the ADA for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction,

10

Plaintiff's claims under state law, including his claims under the NYSHRL and the NYCHRL, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 27, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge